# 7560

LAMBERT BROS.

vs.                                                            No. 7560.

FRANK HERTZ,
Appellant.

May 15th, 1919.

# 7560

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to recover the cost of installing sewerage in a house.

The defendant, Frank Hertz, was the owner of a property designated by the No. 4219 Laurel Street; on June 22d, 1914, he executed in favor of John Doormans a "bond for deed" by which he agreed to sell to him the above mentioned property for the price of $1750 payable in monthly installments of $20 each beginning July 1st, 1914; the actual transfer to be made when the purchaser shall have paid one-third of the purchase price; the purchaser was to pay all taxes and to insure in the name of the owner and to go into immediate possession.

Doormans went into possession of the property, and it is not claimed that he failed to make any of the payments as they became due.

On February 9th, 1916, Doormans made a contract with the plaintiffs herein by which they were to install Plumbling and Sewerage and to furnish and put up in said building 4219 Laurel Street the following improvements, viz:- a porcelain lined bath tub, washstand and closet, kitchen sink, slop sink and hydrant faucet in yard, all for the price of $155.00,- payable as follows: one note of $15, and 14 notes of $10 each, payable monthly; a default of any one note to make all the other notes become due; the notes stipulated eight per cent per annum interest from maturity till paid, and twenty per cent attorney's fees in case of suit to enforce their payment.

The plaintiffs recorded this contract on February 10th, 1916. They made the improvements and received payment of the first and second note amounting to $25.

Upon Doormans' failure to pay any more notes, Lambert

■■■■

Brothers, on November 17th, 1916, filed suit against him on the thirteen unpiad notes of $10 each, amounting to $130 - and obtained judgment against him for that amount with eight per cent interest and twenty per cent attorney's fees, -. and **privilege** upon the property 4219 Laurel Street.

On March 21st, 1917, the plaintiffs filed the present suit against Frank Hertz. They alleged all the facts above recited, and, further, that since the filing of the suit against Doormans they had learned that the title of the property is recorded in the name of Frank Hertz, and that Doormans was in possession of it by virtue of a Bond for Deed; that Doormans had improved the property and acted as the owner of it; and they prayed for a judgment against Hertz for $130, with eight per cent interest, ten per cent attorney's fees and privilege upon the property.

Hertz denied that Doormans was the owner of the property and admitted that he was the owner; he admitted that Doormans had been in possession under the bond for deed, and that he had paid a number of installments as required by that act; that he was informed that Doormans had made improvements on the property, but that the same had been made without his knowledge or consent.

There was judgment in favor of the plaintiffs and against the defendant Hertz for $130 with eight per cent interest and ten per cent attorney's fees, but denying the privilege claimed on the property.

From this judgment the defendant Hertz has appealed. The plaintiffs, in this Court, have asked that the judgment be amended by allowing them the privilege claimed by them.

We do not think that this "Bond for Deed" was a sale or an act translative of property either under the law or in the minds of the contracting parties; there was something else to be done by both parties before the title passed; Doormans had to comply with certain conditions of the Bond as a condition precedent to his right to claim a deed, and Hertz was not bound to sign a deed until Doormans had complied with them; and there was an act of sale to be passed by Hertz to Doormans on the latter complying with certain conditions. Talbot vs. N. O. Land Co.,

143 La., 263. *Hertz admits that he was the owner –*

This case does not differ materially from the case of Lambert Bros. vs. Throunk, No. 7302, decided by us on April 22d, 1918. The improvements made were identically the same, and in both cases the party contracting for the work was in possession of the property and administering the same with the consent of the owner.

We there held that the work done was not such only as suited the necessities or pleasure of the parties in possession, but that it was work required by law, and such as the owner himself would have been obliged to do and pay for, the payment of which was secured by privilege, and which inured to the benefit of the property owned by him, as a permanent and inseparable improvement, and for which therefore he was liable, as well as John Doormans. *See Dalloz Jur. Gen. 1854 – 5 – 483 – C.C. 2299 – 20 Lambert S 329 – 13 B Baudry Lac* That case is not in conflict with Algiers Works vs. *S 2818* White No. 6778 of this Court.

Acts Nos. 4 and 6 of the Extra Session of 1899 p. 6.16 provided for a Constitutional Amendment for the creation of a Sewerage and Water Board for the City of New Orleans. Section 20 of the latter act authorized said Board "to compel all premises in the City of New Orleans to be connected with said system." Section 1 of Act 270 of 1908 made it the duty of said Board "to require all inhabited premises in the City of New Orleans to be connected with the mains of said system," and Section 3 provided that said Board "shall also have the power to do, or to cause to be done, upon the defaulting premises, that which its ordinances and regulations require, at the cost and expense of the owner, and such costs and expenses shall be a lien in said premises equal in rank to the lien of taxes &c".

The owner is presumed to have consented that the occupant of the property should do *act for him and* what the law would compel him to do.

The plaintiff is also entitled to the contractor's privilege. C. C. 2772 (2743), 3249 (3216), 3272 (3239); 25 A., 518 (520); 30 A., 361; 40 A., 264.

But as we said in Lambert vs. Throunk:

"We do not think that the defendant can be condemned

473

to pay the interest nor the attorney's fees stipulated On Woodruff's (Doormans) note. He (Doormans) never agreed to this nor ratified it, nor was he benefited by it".

It is therefore ordered that the judgment herein be amended so as to read as follows: It is ordered that the defendant,Frank Hertz, be condemned to pay to the plaintiffs, Lambert Brothers, One Hundred and Thirty Dollars with five per cent per annum interest from February 9th, 1916 till paid and all costs of the District Court with privilege upon the lot of ground No. 4219 Laurel Street and upon the buildings and improvements erected thereon; and it is further ordered that the costs of appeal be paid by the plaintiffs herein.